<pre>
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA
</pre>

| | |
|---|---|
| CARLEE SUTHERLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>KITSAP COUNTY, KITSAP COUNTY PUBLIC WORKS, RANDY CASTEEL, JON BRAND, RON YINGLING, PENNY STARKEY, GREG CIOC,<br><br>    Defendants. | Case No.  C05-5462RJB<br><br>ORDER GRANTING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on Defendants' Motion for Partial Judgment on the Pleadings. Dkt. 22. The Court has reviewed all documents filed regarding this Motion, has reviewed the entire file, and is fully advised.

## I.   PROCEDURAL AND BASIC FACTS

Plaintiff, a former Kitsap County employee, filed her Amended Complaint in this matter on November 9, 2006. Dkt. 8. Plaintiff alleges that Defendants discriminated against her because of her gender in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*, and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.180. *Id*. at 3. Plaintiff seeks

> [A] permanent injunction enjoining Defendant, its officers, agents, successors, employees attorneys, and assigns and other representatives, and all those persons acting in concert with them and at their discretion, from engaging in any employment policy or practice which discriminates against Plaintiff on the basis of sex or its retaliatory against the Plaintiff because of the Plaintiff exercising rights afforded to her under 42 U.S.C. Section 2000e *et seq*.

*Id*. at 4-5. Plaintiff also seeks monetary damages and asks that the Court retain jurisdiction over this actions to assure compliance with the Court's orders. *Id*. at 5.

Defendants move for dismissal of some of Plaintiff's claims arguing (1) Plaintiff's 42 U.S.C. §

ORDER

2000e *et seq.* claims against the individual defendants (Randy Casteel, Jon Brand, Ron Yingling, Penny Starkey, and Greg Cioc) should be dismissed because Title VII excludes individual liability, and (2) Plaintiff's state law claim under WLAD should be dismissed because she failed to file and present a claim for damages with the Kitsap County Board of Commissioners as required by RCW 4.96.020 and Kitsap County Code 4.144.060.

## II. DISCUSSION

### A. STANDARD FOR MOTION TO DISMISS

A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988). If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d at 1300. If the claim is not based on a proper legal theory, the claim should be dismissed. *Id*.

### B. INDIVIDUAL DEFENDANTS' LIABILITY UNDER TITLE VII

The Ninth Circuit has held that under Title VII, there is no personal liability for employees, including direct supervisors. *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998)(*citing Miller v. Maxwell's Int'l Inc.*, 911 F.2d 583, 587-88 (9th Cir. 1993)). However, the Ninth Circuit has allowed employees to be sued in their official capacities under Title VII. *See Ortez v. Washington County, State of Or.*, 88 F.3d 808 (9th Cir. 1996). Plaintiff argues that she is suing the individual Defendants solely in their official capacity. Dkt. 30 at 4. Plaintiff argues that the individual Defendants should not be dismissed because she is seeking injunctive relief as well as monetary relief, citing the dissent in *Miller*. Dkt. 30, at 3. However, Plaintiff fails to make any allegations against the individual Defendants or indicate what relief she seeks against them in her complaint. Plaintiff makes a passing

ORDER

reference in her Response to amending her complaint.  If Plaintiff chooses to move to amend her complaint, she should follow the applicable Federal Rules of Civil Procedure.  Plaintiff's Title VII claims against all individual Defendants (Randy Casteel, Jon Brand, Ron Yingling, Penny Starkey, and Greg Cioc) should be dismissed without prejudice.

### C.    CLAIMS FILING STATUE and PLAINTIFF'S CLAIMS UNDER WLAD

Defendants argue that Plaintiff's claims pursuant to the WLAD should be dismissed because Plaintiff failed to file a claim with the Clerk of the Kitsap County Board of Commissioners as is required under the Washington claims filing statute, RCW 4.96.020(4), and the Kitsap County Code.  Dkt. 22, at 3-5.  Defendants do not move for dismissal of the federal claims presumably because state claim filing statues do not apply to federal civil rights laws.  *See Felder v. Casey,* 487 U.S. 131 (1988)(holding state claims filing statute should not be applied to federal civil rights claims under 42 U.S.C. § 1983).

The Washington claims filing statute provides that "[b]efore plaintiffs can commence civil tort actions against local government entities, they must first present claims for damages with those entities and wait 60 days."  *Bosteder v. City of Renton*, 155 Wn.2d 18, 46 (2005) (*citing* RCW 4.96.020(4)).  Each local government entity is required to appoint an agent to receive claims for damages pursuant to the statue.  RCW 4.96.020(2).  The Kitsap County Code 4.144.060 requires that claims be filed with the clerk of the board of county commissioners.

Although substantial compliance is permitted for the content of the claims filed, Washington courts have strictly construed the procedural requirements of RCW 4.96.020.  *Bosteder,* at 41(*citing Reyes v. City of Renton*, 121 Wash.App. 498, 502, 86 P.3d 155, *review denied*, 152 Wash.2d 1031, 103 P.3d 200 (2004)).  Strict compliance with the procedure is required even though the results can sometimes seem unduly harsh.  *Sievers v. City of Mountlake Terrace*, 97 Wash.App. 181, 183, 983 P.2d 1127 (1999)(holding that filing suit in Superior Court 59 days after filing claim with local government violated the statute's 60 day requirement and resulted in dismissal of state claims) *see also Reyes* (holding that failure to personally sign claims filed with city, as required by statute, resulted in claims against city being dismissed).

Plaintiff's failure to file her claim with the Kitsap County Clerk of the Board of County Commissioners should result in dismissal of her state claim against all Defendants.  Plaintiff argues she filed a claim for damages with the Equal Employment Opportunity Commission ("EEOC") who then forwarded

ORDER

a copy of her claim to Kitsap County. Dkt. 30. A copy of a "Right to Sue Letter" is attached to her Declaration. Dkt. 31, at 5. This document indicates that a copy was sent to Jacquelyn Aufderheide, Sr. Deputy Prosecuting Attorney for Kitsap County. *Id*. The record also indicates that a copy of the EEOC charge of discrimination was mailed to the Personnel Administrator of Kitsap County and was received on February 14, 2005. Dkt. 33-3. Kitsap County's Code specifically requires that claims be filed with the Clerk of the Board of County Commissioners. Kitsap County Code 4.144.060. Plaintiff has failed to show or plead that she complied with the procedural requirements of RCW 4.96.020. Moreover, Plaintiff acknowledges that she is suing each individual only in their official capacities. Dkt. 30, at 4. In *Bosteder*, the Washington Supreme Court held that the claims filing statute applied to "suits against individuals when the alleged conduct occurred in the scope of the individual's employment," but did not apply if those same employees were not acting in their official capacity. *Id*. at 46. Consequently, the claims filing statute applies to her state claim against the governmental entities and individual Defendants. Defendants' motion to dismiss her claim under WLAD should be granted.

### III.   ORDER

Therefore, it is hereby, **ORDERED** that Defendants' Motion for Partial Judgment on the Pleadings (Dkt. 22) is **GRANTED**. Plaintiff's Title VII claims against all individual Defendants (Randy Casteel, Jon Brand, Ron Yingling, Penny Starkey, and Greg Cioc) are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claim pursuant to the Washington Law Against Discrimination, RCW 49.60.180, is **DISMISSED**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 28th day of June, 2006.

Robert J. Bryan
United States District Judge

ORDER