UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARLEE SUTHERLAND,<br><br>    Plaintiff,<br><br>  v.<br><br>KITSAP COUNTY, KITSAP COUNTY PUBLIC WORKS,<br><br>    Defendants. | Case No. C05-5462RJB<br><br>ORDER ON MOTION FOR ATTORNEYS FEES AND DISMISSING CASE WITH PREJUDICE |

  This matter comes before the Court on the parties' Stipulation and Proposed Order of Dismissal of Action (Dkt. 87) and Plaintiff's Motion for Attorney Fees and Expenses (Dkt. 90-1). The Court has reviewed all documents filed regarding these motions, has reviewed the entire file, and is fully advised.

## I. FACTS

  Plaintiff, a former Kitsap County employee, filed her Amended Complaint in this matter on November 9, 2005. Dkt. 8. Plaintiff alleged that Defendants discriminated against her because of her gender in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*, and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.180. *Id*. at 3. Plaintiff's Amended Complaint also included an allegation that Defendants engaged in discriminatory practices toward all women employed at the County including: "[c]reating and tolerating a hostile work environment against females as a class and by denying female workers equal opportunities for promotional advancement because of preferential

ORDER - 1

treatment given to male coworkers." Dkt. 8, at 3. Plaintiff sought

> [A] permanent injunction enjoining Defendant, its officers, agents, successors, employees attorneys, and assigns and other representatives, and all those persons acting in concert with them and at their discretion, from engaging in any employment policy or practice which discriminates against Plaintiff on the basis of sex or its retaliatory [sic] against the Plaintiff because of the Plaintiff exercising rights afforded to her under 42 U.S.C. Section 2000e *et seq*.

*Id.* at 4-5. Plaintiff also sought monetary damages and asked that the Court retain jurisdiction over this action to assure compliance with the Court's orders. *Id*. at 5. Plaintiff was represented by Clayton Longacre, who was later joined by Randy Loun on August 15, 2006. Dkts. 1 and 41.

On June 28, 2006, Plaintiff's claims under WLAD were dismissed because Plaintiff failed to file a claim with the Clerk of the Kitsap County Board of Commissioners as is required under the Washington claims filing statute, RCW 4.96.020(4), and the Kitsap County Code. Dkt. 35. Plaintiff's claims against the individual Defendants (Randy Casteel, Jon Brand, Ron Yingling, Penny Starkey, and Greg Cioc) were also dismissed in the same order because Title VII excludes individual liability. *Id*.

On July 25, 2006, Defendants moved for summary judgment on Plaintiff's remaining claims. Dkt. 37. Defendants argued, and this Court agrees, that the claims Plaintiff made in the Amended Complaint were less than clear. Based upon Plaintiff's Response to the Motion for Summary Judgment, filed by Randy Loun, the Court was at least able to ascertain that Plaintiff was making a Title VII sex discrimination claim and a Title VII retaliation claim. Dkt. 43-1.

On December 26, 2006, the parties filed a stipulation and proposed order of dismissal, indicating that they had settled the matter, with the exception of attorneys fees. Dkt. 87. On January 11, 2007, Plaintiff's attorneys, Clayton Longacre and Randy Loun, filed a motion for attorneys fees and costs. Dkt. 90-1. Mr. Longacre requests $76,212.50 in attorneys fees and $2,737.50 for office staff fees. *Id.*, at 11-12. Mr. Loun requests $30,125.00. *Id.*, at 3.

Defendants do not dispute that Plaintiff is entitled to attorneys fees as the prevailing party in this matter. Dkt. 91. Defendants dispute the amount of fees requested. *Id.* Defendants argue that Plaintiff's request is excessive because she attained only a limited degree of success, her attorneys did not devote exceptional time, labor, or skill to her case, time recorded in a "block billing" format is improper and

ORDER - 2

should be deducted or reduced, vague entries should not be recoverable, and fees for her unemployment benefits claim should be excluded. *Id.*

## II. **DISCUSSION**

In determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount," that is, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). There is a strong presumption that the lodestar represents the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). In appropriate cases, the court may adjust the presumptively reasonable loadstar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002); *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1065 (9th Cir. 2006). The court need not consider all the *Kerr* factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award. *Cairns* at 1158.

Under *Kerr*, in reviewing a claim for attorney's fees, the court should consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee charged in the locality for similar legal services, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, at 69-70. These considerations are consistent with Washington Rules of Professional Conduct 1.5.

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Gomez*, 60 F.3d 525, 534-35 (9th Cir. 1995). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts

ORDER - 3

asserted by the prevailing party in its submitted affidavits. *Id*.

Plaintiff has requested a total of $109,075.00 in attorneys' and staff fees as the prevailing party. Dkt. 90-1. This opinion will now examine the *Kerr* factors to determine if this request is reasonable.

### A.   Time and Labor Required

Plaintiff was represented by Clayton Longacre and Randy Loun. Dkt. 90-1. Support staff from Clayton Longacre's office also worked on the case. *Id*. Clayton Longacre reported that he spent 304.85 hours on the case (Dkt. 90-1, at 11), Randy Loun reported that he spent 120.5 hours on the case (Dkt. 90-1, at 3) and Clayton Longacre's staff reported that they spent 36.50 hours on the case. Dkt. 90-1, at 11, 3, and 12. The attorneys billed their client at the following rate: 1) $250.00/hour Clayton Longacre, 2) $250.00/hour for Randy Loun, and 3) $75.00/hour for staff. *Id*. The attorneys applied their rates to the amount of time each reported as spent on the case, and arrived at lodestar amounts for each attorney and for staff. *Id*.

There is almost no evidence in the record of the time and labor required for Plaintiff's <u>successful</u> claims. In any event, review of the record indicates that the amount of time billed by Mr. Longacre, his staff, and Mr. Loun was excessive. The district court should exclude from this initial fee calculation hours that were not reasonably expended, - hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerthart,* 461 U.S. 424, 434 (1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 432.

There are examples in Plaintiff's fee request of hours that are "excessive, redundant or otherwise unnecessary." *Id.* For example, Defendants properly object to entries in Mr. Longacre's billing statement for work done for Plaintiff's unemployment benefits. Entries on January 5, 2005, January ?, 2005, and March 2, 2005 contain descriptions like: "consult w. client re: unemployment issues and firing," "research re: unemployment issues re firing and work," and "review unemployment document." Dkt. 92, at 6-7. For fee purposes, this work is not related to this suit and Plaintiff should not be awarded fees for that work. They include Mr. Longacre's entries on : January 5, 2005 for $250.00, January ?, 2005 for $275.00, March 2, 2005 for $62.50, April 4, 2005, for $250.00, April 26, 2005 for $250.00.

ORDER - 4

Defendants object to an entry in Clayton Longacre's billing statement on June 27, 2006, for depositions as excessive. Dkt. 91. The depositions took a total of five hours and six minutes and took place at Mr. Longacre's office. Dkt. 92, at 30-40. Mr. Longacre billed seven hours for those depositions. Dkt. 90-1, at 9.

Plaintiff's fee request for Mr. Longacre's work on the Motion to Dismiss is excessive in light of the results attained. Plaintiff did not prevail on that motion because she failed to exhaust her administrative remedies and because she failed to name the individual Defendants in their official capacity. Dkt. 35. Mr. Longacre billed a total of $3,775.00 responding to this motion.

Plaintiff's fee request for work done by Mr. Loun and Mr. Longacre on her Response to the Summary Judgment Motion is excessive in light of the quality of the work. Her Response was eight pages long, with a "Discussion" section of only 4 pages, and did not address a majority of the Defendants' basic arguments. Dkt. 43-1. It cited the record in a most general manner, forcing the Court to read the entire record in order to make a reasoned decision on the motion for summary judgment. Although there were sufficient material facts in the record (and vaguely referenced by Plaintiff) in dispute to survive summary judgment on her Title VII sex discrimination and retaliation claims, Plaintiff's Title VII claim on behalf of all female employees in Kitsap County was summarily dismissed on September 7, 2006 because she failed to exhaust administrative remedies. Dkt. 53. Mr. Loun billed around 36 hours for this work, and Mr. Longacre billed around 26 hours for this work. Dkt. 90-1. The amount of time expended was excessive in light of the poor quality of the work.

Lastly, Plaintiff's request for fees should be reduced because of how poorly the hours expended were documented. An award of attorneys fees may be reduced where documentation is inadequate. *Fischer v. SJB - P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000)(*citing Hensley v. Eckerthart,* 461 U.S. 424, 434 (1983)). Defendants properly object to several entries in Mr. Longacre's, Mr. Longacre's staff, and Mr. Loun's billing statements that are vague and/or ambiguous. Dkt. 91. Review of the record indicates that Mr. Loun and Mr. Longacre fail to submit detailed time records justifying the hours spent on this matter. Billing entries often contain inadequate descriptions like: "review letter re: status" (Dkt. 90-1,

ORDER - 5

at 7) (Mr. Longacre) or "file management" (Dkt. 90-1, at 11)(Mr. Longacre's staff).  Billing entries also appear in block format, for example, "Mediation, brief, review defense brief, meet with client, discuss mediation, meet with Longacre Re: mediation" (Dkt. 90-1, at 2)(Mr. Loun), preventing the Court from determining whether the amount of time spent on a particular task was reasonable.  Due to poor documentation, the Court is left without a reasonably precise manner in which to determine the time and labor required.  It appears that a majority of the Plaintiff's requested hours contain inadequate descriptions, and/or block billing.  The showing also raises the suspicion that Mr. Loun's submission of hours spent may have been created after-the-fact rather than from records kept concurrently with the work being done.

In any event, because of the foregoing problems, the Court is not able to determine how much time and labor was required by plaintiff's counsel.  It follows that the court is not able to determine a "lodestar" amount with any accuracy.

**B.   Novelty and Difficulty of Questions Involved**

Plaintiff fails to provide any evidence regarding the novelty and difficulty of the questions involved in this case.

**C.   Requisite Skill**

Plaintiff fails to provide any evidence of the requisite skill required to perform the legal services properly in this case.

**D.   Preclusion of Other Employment**

Plaintiff fails to provide any evidence on this factor.

**E.   Customary Fee Charged in the Locality for Similar Legal Services.**

There is no evidence in the record as to the *Kerr* factor regarding customary fees in the locality for similar legal services, that is, hourly fees for attorneys or their staff in Kitsap County employment cases, except that Mr. Longacre and Mr. Loun have provided only their own declarations regarding their own customary fees and the hourly fee for Mr. Longacre's staff.  Dkt. 90-1.  Plaintiff's counsel do not make it clear whether $250.00 per hour is what they were charging Plaintiff, or what they would charge if they had been charging by the hour.  Defendants offer no evidence rebutting Plaintiff's submissions.  Although not

ORDER - 6

dispositive, the billing rate of a particular attorney is relevant evidence of a reasonable hourly rate in a particular locality. *See Guam Society of Obstetricians and Gynecologists v. Ada*, 100 F.3d 691 (9h Cir. 1996). In light of the evidence submitted, it is difficult to find any particular hourly rate reasonable in this case for counsel. Additionally, no evidence is offered to support the hourly rate of Mr. Longacre's staff except his own declaration, stating what he wishes to charge for staff help. There is no showing of staff qualifications or staff rates of pay. It is doubtful that they are paid $75.00 per hour.

**F.     Whether the Fee is Fixed or Contingent**

Plaintiff fails to offer information on this factor.

**G.     Time Limitations Imposed by the Client or the Circumstances**

Plaintiff fails to provide any evidence on this factor.

**H.     The Amount Involved and the Results Obtained.**

Plaintiff fails to provide any evidence of the true amounts actually involved in this case, but the Court is informed that the matter settled for $100,00.00.

**I.     Experience, Reputation and Ability of Counsel**

Plaintiff offers no evidence on this factor except in terms of the period of time that each counsel has been practicing law and handling cases in the employment law area, which is considerable.

**J.     The Undesireability of the Case**

Plaintiff provides no evidence on this factor.

**K.     The Nature and Length of the Professional Relationship with the Client**

Plaintiff provides no evidence on this factor.

**L.     Awards in Similar Cases.**

Plaintiff provides no evidence of awards in similar cases.

**M.     Conclusion**

Because of the dearth of information in this case supporting the *Kerr* factors and the Code of Professional Responsibility, the only basis that Plaintiff provides for the Court to fix fees is the amount recovered of $100,000.00. It appears to the Court reasonable, on the basis of that recovery, to fix fees in

ORDER - 7

the sum of 40 percent of that, or $40,000.00, to include staff expenses and costs, and to be divided between counsel as they may agree.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's Motion for Attorney's Fees and Expenses (Dkt. 90-1) is GRANTED as follows:  Plaintiff is awarded $40,000.00 in attorney and staff fees, and judgment should be entered for plaintiff against defendant Kitsap County in that amount

It is further **ORDERED** that, pursuant to the parties stipulation, (Dkt. 87) this matter is **DISMISSED WITH PREJUDICE**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23nd day of February, 2007.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER - 8